FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CURTIS B.,[1]

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL

SECURITY,

      Defendant.

No. 1:23-CV-03091-SAB

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS**

      Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Franco Becia, James Li, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 10, the Commissioner's Motion for Remand, ECF No. 14, and Plaintiff's Reply Brief, ECF No. 15.

      Defendant asks the Court to reverse the Commissioners' decision and remand for further proceedings. Plaintiff agrees with the remand but asks the Court for an immediate award of benefits.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS ~ 1**

In his Opening Brief, Plaintiff asserts the ALJ reversibly erred by not properly assessing the Listings; not considering cognitive limitations; not properly assessing Bartlett's testimony; and not properly assessing the medical opinions.

In its Motion to Remand, the Commissioner agrees that the final decision contained legal errors but asserts outstanding factual issues remain.

### Motion Standard

Whether remand for an immediate award of appropriate benefits depends on whether (1) no useful purpose would be served with further proceedings, (2) the properly credited evidence compels disability, and (3) there is no serious remaining doubt as to disability. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

### Analysis

After reviewing the record and the parties' briefing, the Court finds that the immediate award of benefits is appropriate. The medical record is over 8,000 pages. No useful purpose will be served with further proceedings. Moreover, the properly credited evidence compels disability. Dr. Genthe found that Plaintiff has severe limitations in the ability to communicate and perform effectively in a work setting, severe limitations in the ability to maintain appropriate behavior in a work setting and severe limitations in the ability to complete a normal workday and work week without interruption from psychologically based symptoms. The ALJ found that Dr. Genthe's opinions were supported and consistent with the record. Based on Dr. Genthe's opinions it is clear that Plaintiff is disabled.

Moreover, it appears the ALJ erred in finding that Plaintiff did not meet Listing 4.04(C) or 4.04(B). Collectively, the evidence shows that Plaintiff experienced multiple coronary arteries with over 50% stenosis after two surgeries, shows that Plaintiff can only perform a nuclear or chemical (not exercise) stress test, and that he has very significant limitations in daily living activities with weakness, fatigue and pain severe enough to prompt multiple ER visits after short walks. Additionally, Plaintiff experienced four heart attacks, two revascularization

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS** ~ 2

procedures and was inpatient in the hospital for a significant time for cardiac issues.

The ALJ relied on Plaintiff's testimony that he could visit a friend's house, shop at Costco and do volunteer work to find him less credible. But Plaintiff testified that if he goes to Costco, he experiences panic attacks, and he tried to do volunteer work but was unable to do so due to fatigue. These are not clear and convincing reasons to reject Plaintiff's testimony. *See Garrison*, 759 F.3d at 1014. Moreover, the record demonstrates that Plaintiff experiences crippling anxiety when he is out in the public, his mood is difficult to regulate, he makes only small meals, he has trouble concentrating on reading or even watching television, he goes nowhere on a regular basis, he can pay attention for 15 minutes, he does not handle stress well and has difficulty with authority figures. His anxiety and panic would cause him to miss work frequently. He needs reminders, lacks energy, and can only walk 1 block before resting.

Also, the ALJ erred in failing to assess Plaintiff's cognitive impairments. The record indicates that Plaintiff could work alone but with support, which means that Plaintiff is unable to complete full time work. The record indicates that providers recommended that Plaintiff live in a group home or live alone with weekly check-ins and supports, which indicates Plaintiff would be unable to work independently at a full-time job.

### Conclusion

Here, the record is sufficient, no useful purpose will be served with further proceedings, and there is no serious remaining doubt as to disability. As such, remand for the immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Opening Brief, ECF No. 10, and Reply, ECF No. 15, are **GRANTED**.

2. Defendant's Motion for Remand, ECF No. 14, is **GRANTED**, in part.

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS** ~ 3

3.  The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel and **close** the file.

**DATED** this 12th day of December 2023.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS ~ 4**